UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAYAN JACKSON,

                Petitioner,

v.

R. CATERNOLO,

                Respondent.

CASE NO. 2:24-cv-00547-TMC-GJL

REPORT AND RECOMMENDATION

NOTING DATE: **July 10, 2024**

      The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. Petitioner Tayan Jackson, proceeding *pro se*, commenced this action on April 19, 2024, and has since failed to prosecute. Dkt. 1. As set forth below, the undersigned recommends this action be **DIMISSED without prejudice** for failure to prosecute and failure to comply with a Court Order.

      Upon receipt of Petitioner's Proposed Petition for writ of habeas corpus, the Clerk of Court notified Petitioner that his filings were deficient because he had not paid the $5 filing fee or applied to proceed *In Forma Pauperis* ("IFP"). Dkt. 2. With this Deficiency Notice (mailed on April 22, 2024), the Clerk of Court included a copy of an application to proceed IFP and

REPORT AND RECOMMENDATION- 1

informed Petitioner that he had until May 22, 2024, to cure his filing deficiency if he wished to proceed in this action. *Id.* On the same day the Clerk mailed the first copy of the Deficiency Notice, Petitioner filed a Notice of Change of Address. Dkt. 3. Thus, the Clerk of Court sent another copy of the Deficiency Notice and all attached materials to Petitioner's updated address. *Id.* Because both copies of the Deficiency Notice were dispatched within the same 24-hour period, Petitioner's deadline to cure was unaffected by his address change.[1]

By May 28, 2024, the deadline to cure had elapsed with nothing filed by Petitioner, so the Court ordered him to show cause why his case should not be dismissed for failure to prosecute. Dkt. 6. The Court also informed Petitioner that failure to show cause by June 18, 2024, would result in a recommendation of dismissal. *Id.* The show cause deadline has now lapsed, and the Court has not received a response to the Show Cause Order or any other filings from Petitioner. Accordingly, the undersigned recommends this action be **DISMISSED without prejudice** for failure to prosecute and for failure to comply with a Court Order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

---

[1] The first copy of the Deficiency Notice was returned as undeliverable on May 1, 2024. Dkt. 5. As of the date of this Report and Recommendation, the second copy has not been returned as undeliverable. Even so, the Court notes that a similar notice sent to Petitioner's updated address in a different case has since been returned as undeliverable. *See Jackson v. Caternolo*, Case No. 2:24-cv-00539-RAJ-TLF, Dkts. 3, 5 (deficiency notice mailed to new address on April 23, 2024, and returned as undeliverable on May 20, 2024).

REPORT AND RECOMMENDATION- 2

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 10, 2024,** as noted in the caption.

Dated this 25th day of June, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3