1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAYAN JACKSON,

Plaintiff,

v.

R. CATERNOLO,

Defendant.

Case No. 2:24-cv-00547-TMC

ORDER ON REPORT AND
RECOMMENDATION

14

15

16

17

18

Before the Court is the report and recommendation ("R&R") of U.S. Magistrate Judge

Grady J. Leupold, recommending dismissal of this case without prejudice for failure to prosecute

due to Petitioner Tayan Jackson's failure to pay the filing fee or respond to Judge Leupold's

show cause order. Dkt. 7. Because Mr. Jackson paid the filing fee after Judge Leupold issued his

R&R, the Court declines to adopt the R&R and will allow Mr. Jackson to proceed with his case.

19

20

21

22

23

24

Mr. Jackson, proceeding pro se, filed this case on April 19, 2024. Dkt. 1. However,

Mr. Jackson did not pay the filing fee of $5.00 or request leave to proceed in forma pauperis

("IFP"), which would allow him to proceed without paying the fee. The clerk's office sent

Mr. Jackson a deficiency letter, informing him of his obligation to either pay the filing fee or file

an IFP motion, and set a deadline of May 22, 2024 for him to do so. Dkt. 2. On the same day the

ORDER ON REPORT AND RECOMMENDATION - 1

Clerk of Court mailed the Deficiency Notice to the address listed on the Proposed Petition, Petitioner filed a Notice of Change of Address. Dkt. 3. The Clerk of Court mailed a copy of the Deficiency Notice to Petitioner's new address on April 23, 2024. *Id.*

Mr. Jackson did not pay the fee or file an IFP motion by the May 22 deadline, and Judge Leupold issued a show cause order on May 28 requiring Mr. Jackson to show the Court why it should not dismiss his case for failure to prosecute. Judge Leupold set a deadline of June 18, 2024 to respond to the order. Mr. Jackson did not respond by then, and Judge Leupold issued the R&R recommending dismissal of Mr. Jackson's case without prejudice for failure to prosecute. Dkt. 7. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Judge Leupold provided fourteen days for the parties to file objections to the R&R and set the R&R for consideration on July 10, 2024. *Id.* at 2. On July 5, 2024, Mr. Jackson notified the Court of a change of address. Dkt. 8. He then submitted the full filing fee payment on July 10 and the clerk's office filed his petition for writ of habeas corpus. Dkt. 10. Neither party expressly objected to Judge Leupold's R&R.

Under 28 U.S.C. § 636(b)(1), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [magistrate judge]." "Although a district court is required to 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made,' nothing in the statute precludes the district court from reviewing other findings or recommendations de novo." *Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017).

While Judge Leupold had good reason to recommend dismissal for failure to prosecute at the time he issued his R&R, the Court finds that Mr. Jackson's subsequent notice of change of address and payment of the filing fee is sufficient to allow him to proceed with his case.

ORDER ON REPORT AND RECOMMENDATION - 2

Plaintiffs have a general duty to prosecute their claims. *See Fid. Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). "[T]o prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," federal courts may exercise their inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (courts may dismiss cases sua sponte pursuant to Rule 41(b) for failure to prosecute). Before dismissing a case for failure to prosecute or failure to follow court orders, courts should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Courts should not dismiss for failure to prosecute unless "at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

When Mr. Jackson initiated this case, he was detained at the Federal Detention Center-SeaTac ("FDC") in Seattle, Washington. *See* Dkt. 1 at 1. Three days after submitting his proposed petition for writ of habeas corpus, he informed the Court he had left FDC and was living in Los Angeles, California. *See* Dkt. 3. Then, on July 5, 2024, he filed another notice that he is now incarcerated at the Federal Correctional Institution-Victorville Medium II in Victorville, California. *See* Dkt. 8 at 1; *FCI Victorville Medium II*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/vvm/ (last visited July 11, 2024). While the Court's mailing of Judge Leupold's order to show cause and report and recommendation were not returned as undeliverable, it is apparent that Mr. Jackson's changes of address and reincarceration likely affected his ability to promptly respond to Court orders. The Court

1   concludes that Mr. Jackson's apparent difficulty in receiving court orders and his subsequent

2   efforts to apprise the Court of his current address and pay the filing fee suffice to allow him to

3   avoid dismissal for failure to prosecute. *Cf. Gantt v. TMLF Haw. LLC*, No. 24-cv-00116-DKW-

4   KJM, 2024 U.S. Dist. LEXIS 82027, at *3 ("When a party offers a poor excuse (or, in this case,

5   no excuse) for failing to comply with a court's order, the prejudice to the opposing party is

6   sufficient to favor dismissal." (citing *Yourish*, 191 F.3d at 991–92)).

7          For these reasons, the Court DECLINES TO ADOPT Judge Leupold's report and

8   recommendation recommending dismissal without prejudice for failure to prosecute. Dkt. 7. The

9   Court REFERS the case back to Judge Leupold for Mr. Jackson's habeas action to go forward.

10         The Clerk is directed to send uncertified copies of this Order to all counsel of record, to

11  any party appearing pro se at said party's last known address, and to the Honorable Grady J.

12  Leupold.

13         Dated this 12th day of July, 2024.

14

15  _____
            Tiffany M. Cartwright
16          United States District Judge

17

18

19

20

21

22

23

24

ORDER ON REPORT AND RECOMMENDATION - 4