UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAYAN JACKSON,<br><br>　　　　　　　　Petitioner,<br>　　v.<br><br>WARDEN OF THE FEDERAL<br>DETENTION FACILITY AT SEATAC,<br><br>　　　　　　　　Respondent. | CASE NO. 2:24-cv-00547-TMC-GJL<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE: **September 27, 2024** |

The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. Petitioner Tayan Jackson, proceeding *pro se*, initiated this action pursuant to 28 U.S.C. § 2241, purportedly challenging the execution of his federal sentence. Dkt. 10. Following service of the Petition, Respondent filed a Motion to Dismiss or Transfer for lack of jurisdiction. Dkt. 19. Respondent also filed a Return seeking dismissal of Petitioner's sole claim as unexhausted, non-cognizable in habeas, and without merit. Dkt. 23. Finally, Petitioner filed a Motion for an Evidentiary Hearing. Dkt. 24.

Upon review of the briefing and the relevant record, the undersigned concludes that this Court has jurisdiction over this action and that transfer would not be in the interest of justice; it is

REPORT AND RECOMMENDATION - 1

therefore recommended that Respondent's Motion to Dismiss or Transfer (Dkt. 19) be **DENIED**. However, Respondent persuasively argues that Petitioner's sole claim is unexhausted and not a true habeas claim. *See* Dkt. 23 at 4–8. As such, it is further recommended that the Petition (Dkt. 10) and Petitioner's Motion for an Evidentiary Hearing (Dkt. 24) be **DENIED** and this action be **DISMISSED without prejudice**.

## I.      BACKGROUND

Petitioner is a federal prisoner serving two concurrent sentences of federal confinement imposed in unrelated criminal cases. *See United States v. Adams, et al.*, 2:18CR20641 (E.D. Mich., filed Sept. 20, 2018) and *United States v. Jackson*, 5:18-cr-20462 (E.D. Mich., filed Apr. 26, 2018). Petitioner is currently serving his sentence at the Federal Correctional Institutional Victorville Medium II located in Victorville, California ("FCI Victorville"), with a projected release date of January 25, 2025. Dkt. 20 at 1–2 (First Rogowski Declaration); Dkt. 20-1 (Inmate History). Petitioner was previously incarcerated at the Federal Detention Facility in SeaTac, Washington ("FDC SeaTac"), where he remained until April 18, 2024. *Id.*

On April 19, 2024, the Court received Petitioner's initial habeas filings under 28 U.S.C. § 2241. Dkts. 1, 1-1. Petitioner's sole claim for relief concerns his placement in segregated custody—Special Housing Units ("SHU")—while in federal custody, which he states could impact the calculation of his good time credits and eventual release. Dkt. 10 at 5. Petitioner alleges that the Bureau of Prisons ("BOP") violated his right to due process by failing to conduct regular formal reviews of his placement in SHU as outlined in 28 C.F.R. § 541.26. *Id.*

On July 16, 2024, the Court ordered service of the Petition and directed Respondent to file a Return addressing, among other things, whether the Court has jurisdiction over this action. Dkt. 12 at 3. Following service, Respondent filed a Motion addressing this Court's jurisdiction

and a Return addressing the viability of Petitioner's claim. Dkts. 19, 23. Additionally, Petitioner filed a Motion for an Evidentiary Hearing. Dkt. 24. The Court will address each matter in turn, beginning with the jurisdictional issues raised in Respondent's Motion to Dismiss.

## II.    DISCUSSION

### A.    Motion to Dismiss

In their Motion to Dismiss or Transfer (Dkt. 19), Respondent argues this action should be dismissed for lack of jurisdiction or, alternatively, transferred to a more appropriate federal forum. Dkt. 19. Both requests are premised on Petitioner's transfer out of the Western District of Washington during the very early stages of this case. *Id.*; *see also* Dkt. 20-1 (Inmate History); Dkt. 8 (Notice of Change of Address).

#### 1.    <u>The Court does not lack jurisdiction in this action</u>.

Respondent first argues it is "not clear" from the record whether Petitioner was confined within the Western District of Washington when he initiated this action and, if not, then this Court lacked jurisdiction from the start. Dkt. 19 at 3–4. In his response in opposition to the Motion to Dismiss, Petitioner maintains that he submitted his Petition to prison officials before departing FDC SeaTac, explaining that it would have been nearly impossible for him to do so while in transit from that facility. Dkt. 22 at 3–4. If true, Petitioner's representations confirm the Court's jurisdiction over this matter as he would have been confined within this District at the time his Petition was filed.

A § 2241 petition for writ of habeas corpus must "be addressed to the district court which has jurisdiction over [the petitioner] or his custodian." *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980) (citing *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973)); *see also United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). "All told, the plain

language of the habeas statute thus confirms the general rule that, for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Doe v. Garland*, 109 F.4th 1188, 1198 (9th Cir. 2024).

Though present confinement and habeas jurisdiction go hand in hand, the Ninth Circuit has also explained that "jurisdiction attaches on the initial filing for habeas corpus relief, [so] it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Francis v. Rison*, 894 F.2d 353 (9th Cir. 1989); *Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018) ("[A] habeas petitioner's] subsequent transfer does not destroy the jurisdiction established at the time of filing.").[1] Where, as here, a petitioner receives the benefit of the prison mailbox rule, his "habeas petition is 'deemed filed when he hands it over to prison authorities for mailing to the relevant court.'" *Campbell v. Henry*, 614 F.3d 1056, 1058–59 (9th Cir. 2010) (quoting *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001)).

Petitioner's statement about being confined at FDC SeaTac at the time his Petition was filed is not contradicted by the current record; in fact, examination of the envelope used for his initial filing supports his version of events. *See* Dkt. 1-1. The return address listed on Petitioner's original mailing envelope is for FDC SeaTac, and the same envelope is marked as received by this Court on the day after Petitioner departed that facility. *See id.* Though not inconceivable, the Court finds it exceedingly unlikely that a prisoner's filing would be processed, mailed, and received by this Court on the same day it was submitted to prison officials; the odds of this occurring appear even less likely if that filing is given to prison officials, processed, and mailed

---

[1] Respondent disagrees with the proposition that a habeas court's jurisdiction is not destroyed by a petitioner's subsequent transfer out of its territorial district. Dkt. 19 at 4–6. However, Respondent's arguments primarily concern a habeas court's ability to *grant relief* when the petitioner's immediate custodian is no longer an individual within reach of the applicable long-arm statute. *Id.* (collecting cases dismissing claims of transferees for lack of personal jurisdiction, mootness, and improper forum/venue). Because the undersigned recommends *denying relief*, it is not necessary to address these other arguments.

REPORT AND RECOMMENDATION - 4

from outside of this District. This, alongside Petitioner's uncontradicted version of events, is sufficient to assure the Court that Petitioner was confined within the Western District of Washington on the day his Petition was filed.

As Petitioner initiated this habeas action while confined within its territorial District, this Court has jurisdiction.

   2. <u>Transfer would not be in the interest of justice</u>.

While maintaining that Petitioner's claim is ultimately nonviable, Respondent explains that this Court would be unable to issue a writ of habeas corpus aimed at his current custodian, who—like Petitioner—is located outside the Court's territorial District. Dkt. 19 at 3–7. For this reason, Respondent states the Court may choose to transfer this action to the United States District Court for the Central District of California if it finds that transfer, rather than dismissal, would be in the interest of justice. *Id.* at 8–9.

When a habeas petitioner files in the wrong jurisdiction (or when some other defect arises), the court of filing may transfer the action to a more appropriate federal forum if it is "in the interest of justice." *See* 28 U.S.C. § 1404(a); 28 U.S.C. § 1631. Transfer may be in the interest of justice if it "aid[s] litigants who were confused about the proper forum for review" and avoids the "time-consuming and justice-defeating" dismissal of an action that may readily be heard elsewhere. *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citations and quotations omitted).

The undersigned concludes transfer of this action would frustrate rather than further the interest of justice. Notwithstanding any limitations on its ability to *grant* habeas relief, this Court retains jurisdiction to *deny* relief. *See Tapia v. Barron*, No. 2:23-cv-01531-BJR-BAT, 2024 WL 2946184, at *2–3 (W.D. Wash. Jan. 12, 2024), *report and recommendation adopted*, No. 23-CV-

1531-BJR-BAT, 2024 WL 2943939 (W.D. Wash. June 11, 2024). And, as Respondent persuasively argues in their Return, Petitioner has not exhausted his administrative remedies and his sole claim for relief is not cognizable in habeas. *See* Dkt. 23 at 4–8. Thus, transfer of his Petition would only serve to delay dismissal of a demonstrably nonviable claim.

Having found that this Court retains jurisdiction to deny habeas relief and that transfer would not be in the interest of justice, the undersigned recommends Respondent's Motion to Dismiss or Transfer (Dkt. 19) be **DENIED**.

**B.   Return**

In his Return (Dkt. 23), Respondent argues the Petition should be denied and/or dismissed for three reasons. First, Respondent argues the Petition should be dismissed because Petitioner did not exhaust the administrative remedies available through the BOP before filing suit. Dkt. 23 at 4–6. Second, Respondent argues the Petition should be dismissed because Petitioner's sole claim for relief is not a true habeas claim. *Id.* at 6–8. Respondent's third and final argument is that Petitioner's claim fails on the merits. *Id.* at 8–9. As the Court agrees with Respondent's first and second arguments, it is unnecessary to address the third.

   1.   <u>Petitioner's claim is not cognizable in habeas</u>.

Looking first to Respondent's argument about the viability of Petitioner's claim in a federal habeas action, an "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (cleaned up). "[W]hen a state prisoner is challenging the *very fact* or *duration* of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500 (emphasis added). In contrast, a claim challenging the *conditions*

of confinement or seeking relief other than release from confinement, such as monetary damages, is not a true habeas claim. *Id.* at 494 (explaining that claims seeking monetary damages do not sound in habeas); *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) (a petitioner fails to state a habeas claim "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). In those instances, a prisoner must instead file a civil rights action. *Heck v. Humphrey*, 512 U.S. 477, 482–83 (1994).

These principles similarly apply to individuals confined in federal detention facilities pursuant to federal convictions. *See Pinson v. Carvajal*, 69 F.4th 1059, 1072–73 (9th Cir. 2023), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382 (2024) (noting that a federal prisoner's claim only sounds in habeas if it "necessarily results in release").

Here, Petitioner challenges the conditions of his federal confinement, not the constitutionality of the confinement itself. In his sole claim for relief, Petitioner states that the BOP's alleged failure to review his placement in SHU in accord with its own regulations is a violation of his procedural due process rights. Dkt. 10 at 5. The Court notes that there are aspects of Petitioner's claim that could impact the timing of his release (*i.e.*, the potential impact on his ability to retain good-time credits while in SHU). Even so, a favorable disposition of this claim would not require Petitioner's release from confinement—a prerequisite for his claim to sound in habeas. *See Pinson*, at 1072–73; *Ramirez*, at 859. This is illustrated most forcefully by the specific relief requested in the Petition: rather than seeking release from incarceration, Petitioner seeks a court order requiring Respondent to demonstrate whether Petitioner has received adequate process regarding his placement in SHU. Dkt. 10 at 5.

//

Because Petitioner is attacking something other than the fact or duration of his confinement and seeking relief other than his release from federal custody, the undersigned concludes his claim may not proceed in this action for habeas corpus relief.

      2.      <u>Petitioner also failed to exhaust before filing his claim</u>.

Even if Petitioner's claim were cognizable in habeas, his failure to exhaust administrative remedies before filing suit also supports dismissal. Even though § 2241 does not contain an explicit exhaustion requirement, federal prisoners must generally exhaust all available administrative remedies before seeking habeas relief in federal court. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). Courts have applied this administrative exhaustion requirement to § 2241 in order: (1) to develop a factual record that is capable of being reviewed; (2) to conserve judicial resources if relief is granted at the administrative level; and (3) to provide the administrative agency with the first opportunity to correct its errors. *See Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983).

The BOP has created an administrative remedy program through which prisoners can "seek formal review of an issue relating to any aspect of [their] own confinement." 28 C.F.R. § 542.10(a); *United States v. Wilson*, 503 U.S. 329, 335 (1992). This specifically includes concerns about a federal prisoner's placement in SHU. 28 C.F.R. § 541.26(d).

Under the BOP's administrative remedy program, a prisoner "shall first present an issue of concern informally" to prison staff unless the prisoner has an acceptable reason for bypassing an informal resolution. 28 C.F.R. § 542.13(a)–(b). If dissatisfied with prison staff's informal response, the next step is to file a formal complaint to the prison's warden. *See id*. § 542.14(a)–(c). If dissatisfied with the warden's response, the prisoner may appeal to the Regional Director

of the region in which he is confined. *Id.* § 542.15(a). Prisoners raising sensitive issues affecting their safety or wellbeing may bypass the first two steps and file directly to the Regional Director. *Id.* § 542.14(d). And if the prisoner is dissatisfied with the Regional Director's response to his appeal or initial filing, a prisoner may then appeal to the BOP's General Counsel. *Id.* § 542.15(a). "Appeal to the General Counsel is the final administrative appeal." *Id.*

Here, Respondent has submitted evidence demonstrating that, despite the availability of relief through the BOP's administrative appeals, Petitioner did not challenge his placement in SHU through these channels. Dkt. 23-1 at 2 (Rogowski Second Declaration); Dkt. 23-3 (Administrative Remedy History; reflecting four administrative grievances addressing the calculation of FSA credits but not Petitioner's placement in SHU). Respondent persuasively argues that, because there is a possibility Petitioner's claim will be mooted through the BOP's administrative remedy process, it would be prudent for Petitioner to exhaust his administrative remedies before seeking habeas relief in this Court. Dkt. 23 at 4–6.

Upon review of Respondent's evidence and the Petition, the Court finds Petitioner has not properly exhausted the BOP's administrative remedies concerning his placement in SHU. Petitioner's allegations about prior attempts to file an administrative grievance in transitional custody do not affect this finding. *See* Dkt. 10 at 5. Even assuming Petitioner was unable to file grievances while in transitional custody, there is no indication he is unable to pursue such remedies at FCI Victorville.

The Court further finds that the BOP should be given the first opportunity to address Petitioner's concerns, which involve the agency's alleged noncompliance with its own regulations. This is especially true given that the specific relief Petitioner requests is not

REPORT AND RECOMMENDATION - 9

available to him in habeas. As a result, the Court should not excuse Petitioner's failure to exhaust his administrative remedies.

Having found that Petitioner has failed to state a true habeas claim and has also failed to exhaust his administrative remedies, the undersigned recommends his Petition be **DISMISSED without prejudice**.

C.   **Motion for Evidentiary Hearing**

Finally, while habeas petitioners may be entitled to an evidentiary hearing in certain circumstances, such a hearing is not required where the petitioner's allegations are "bald, conclusory, or inherently incredible," where there are no unreliable factual findings or disputed facts, or where his claims are legally insufficient. *See United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004); *Hendricks v. Vasquez*, 974 F.2d 1099, 1103 (9th Cir. 1992). As explained above, Petitioner's sole claim for relief is legally insufficient for at least two reasons. Petitioner is thus not entitled to an evidentiary hearing and the undersigned recommend his Motion for an Evidentiary Hearing (Dkt. 24) be **DENIED**.

### III.   CONCLUSION

For the stated reasons, the undersigned recommends Respondent's Motion to Dismiss or Transfer (Dkt. 19) and Petitioner's Motion for an Evidentiary Hearing (Dkt. 24) be **DENIED**. It is further recommended the Petition (Dkt. 10) and this action be **DISMISSED without prejudice** for failure to exhaust and for failure to state a habeas claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 27, 2024,** as noted in the caption.

Dated this 13th day of September, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11